## UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| **UNION CARBIDE CORPORATION** | * | **CIVIL ACTION NO.:** |
| | * | |
| **VERSUS** | * | **JUDGE:** |
| | * | |
| **LEVEL 3 HOLDINGS, INC., F/K/A** | * | **MAGISTRATE:** |
| **WHITNEY HOLDING CORPORATION,** | * | |
| **F/K/A PETER KIEWIT SONS' CO.** | * | **JURY TRIAL REQUESTED** |

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

### COMPLAINT

Plaintiff, Union Carbide Corporation (hereinafter "UCC" or "Plaintiff"), by and through undersigned counsel, submits the following Complaint:

### Introduction

1. UCC brings this breach of contract action against Defendant Level 3 Holdings, Inc., f/k/a Whitney Holding Corporation, f/k/a Peter Kiewit Sons' Co. (hereinafter "Level 3" or "Defendant"), because Defendant has refused to satisfy its contractual obligation to indemnify and save harmless UCC.

### The Parties

2. UCC is a New York Corporation with its principal place of business in the state of Texas, and is therefore a citizen of the states of New York and Texas.

3. Level 3 is a Delaware Corporation with is principal place of business in the state of Colorado, and therefore is a citizen of the states of Delaware and Colorado.

4. Level 3 is, and is sued as, successor in interest to Peter Kiewit Sons' Co. (hereinafter "Peter Kiewit").

## Jurisdiction

5.      This Court has jurisdiction over this matter pursuant to 28 U.S.C. § 1332 because the parties are citizens of different States, and the amount in controversy exceeds $75,000 exclusive of interests and costs.

## Venue

6.      The Eastern District of Louisiana is a proper venue for this matter pursuant to 28 U.S.C. §1391 because it is the judicial district in which a substantial part of the events giving rise to the claim occurred.

## Background Facts

7.      On November 23, 1965, UCC entered into contract number 511-776-18 with Peter Kiewit to construct certain plants and other improvements on UCC's property located in Taft, Louisiana. Contract number 511-776-18 was signed by the parties on June 6, 1967.

8.      Article 1(12) of Contract 511-766-18 defines the "Contract" as including the "General Provisions attached hereto" and that "[t]he signing of this Agreement by the parties hereto shall constitute their respective acceptance and agreement to the General Provisions…"

9.      Article 12(B)(7) of the General Provisions incorporated into Contract 511-766-18 provides:

> The Contractor [Peter Kiewit Sons' Co.] agrees to indemnify and save harmless Union Carbide Corporation, its employees and agents, against all claims, liabilities, losses, damages and expenses, of every character whatsoever, for bodily injury, sickness and/or disease, including death at any time resulting from such bodily injury, sickness and/or disease sustained by any person (including but not limited to employees of Union Carbide Corporation, of the Contractor or of a subcontractor) while in, on or about the premises of Union Carbide Corporation or the construction site, if or where such injury, sickness, disease and/or death arose out of or was in any way connected with the Contract or with the Contractor's performance or failure to perform thereunder, whether or not such injury, sickness, disease and/or death was caused by, resulted from or was in any way connected

with the negligence, act or omission of Union Carbide Corporation, its employees or agents.

10. Furthermore, Article 21 of Contract 511-766-18 provides:

Except as otherwise specified in the Contract, all necessary permits and licenses shall be obtained for the Owner by the Contractor. The Contractor shall give all necessary notices, pay all fees required by law, and comply with all governmental laws, ordinances, rules and regulations relative to the Work and the preservation of public health and safety. Should the drawings and/or the specifications be at variance with any such laws, ordinances, rules, regulations, permits or licenses, the Contractor shall promptly notify the Engineer in writing and the Engineer shall make any necessary changes in the drawings or the specifications. If the Contractor performs any work which is contrary to any such laws, ordinances, rules, regulations, permits or licenses, the Contractor shall indemnify the Owner against all costs and damages arising therefrom.

11. UCC satisfied all its obligations under Contract 511-766-18.

12. On May 13, 2015, William S. Walker, a former employee of Peter Kiewit, filed a Petition for Damages in the Civil District Court for the Parish of Orleans, State of Louisiana, bearing docket number 2021-7060 (hereinafter "*Walker* lawsuit") which named both UCC and Peter Kiewit/Level 3, among others, as Defendants.

13. Walker asserted he developed mesothelioma as a result of alleged exposure to asbestos, in part, during the course of his work as an employee of Peter Kiewit at various premises, including Union Carbide's Taft facility, from 1967 through the 1970s. Walker further alleged that while employed by Peter Kiewit at Union Carbide's Taft facility, he was exposed to asbestos through his own work as a pipefitter and welder, as well as from the work of nearby insulators, and he testified to the same.

14. Pursuant to Contract 511-766-18, UCC, by written communication dated March 24, 2022, tendered, and sought indemnity in favor of UCC from Level 3, as successor in interest to Peter Kiewit Sons' Co., in the *Walker* lawsuit.

15. UCC has received no response from Level 3 to its March 24, 2022 tender letter.

16. UCC settled the *Walker* lawsuit on or about May 13, 2022.

17. Thereafter Walker and Level 3 tried the matter to a jury in Orleans Parish, Louisiana. On May 23, 2022, upon hearing all the evidence presented by parties, being duly charged by the Court, and deliberating as instructed, the jury found against Level 3 and for Walker awarding him $36,758,170.02 in damages, including $35,750,000.00 in general damages.

18. The jury further found there to be 20 other at fault parties, including UCC, and subsequently on July 20, 2022, the Trial Court reduced the jury's verdict to judgment assigning Level 3 11/21 virile shares in favor of Walker against Level 3, resulting in a judgment of $19,524,270.54 against Level 3 in favor of Walker (Exhibit 1).

19. On appeal, the Louisiana Fourth Circuit Court of Appeal affirmed the jury verdict and judgment of the Trial Court (Exhibit 2).

## Breach of Contract

20. Article 12(B)(7) of the General Provisions incorporated into Contract 511-766-18 requires that Level 3, as successor in interest to Peter Kiewit Sons' Co., "indemnify and save harmless Union Carbide Corporation, its employees and agents, against all claims, liabilities, losses, damages, and expenses, of every character whatsoever for bodily injury, sickness and/or disease, including death at any time resulting from such bodily injury, sickness and/or disease sustained by" William Walker.

21. Level 3, as successor in interest to Peter Kiewit Sons' Co. breached these contractual obligations set forth in Article 12(B)(7) of the General Provisions incorporated into Contract 511-766-18, by failing to indemnify UCC for the *Walker* lawsuit. UCC is entitled to full indemnity as to all claims, liabilities, losses, damages, and expenses, of every character whatsoever, including but not limited to the cost of settlement of the *Walker* lawsuit, attorneys'

4

fees, and the costs of defense of the *Walker* lawsuit, and attorneys' fees and costs to bring this claim for indemnity.

22. Article 21 of Contact 511-766-18 further requires Level 3, as successor in interest to Peter Kiewit Sons' Co. to "comply with all governmental laws, ordinances, rules, and regulations relative to the Work and preservation of the public health and safety, and Peter Kiewit had an obligation to "indemnify the Owner against all costs and damages arising therefrom."

23. Level 3, as successor in interest to Peter Kiewit Sons' Co. is in breach of these contractual obligations set forth in Article 21 of Contract 511-766-18 by failing to comply with applicable governmental regulations and is therefore contractually bound to indemnify UCC against all costs and damages arising therefrom, including but not limited to the cost of settlement of the *Walker* lawsuit, attorneys' fees and costs of defense of the *Walker* lawsuit, and attorneys' fees and costs to bring this claim for indemnity.

**Damages**

24. Based on the allegations set forth in the above paragraphs, UCC respectfully requests judgment be entered against Level 3 for the cost of settlement of the *Walker* lawsuit, attorneys' fees, and the costs of defense of the *Walker* lawsuit, and attorneys' fees and costs to bring this claim for indemnity, and all other forms of relief to which UCC may be entitled, including and together with pre-judgment and post-judgment interest.

Respectfully submitted,

**PUGH ACCARDO, LLC**

*/s/ McGready L. Richeson*
McGready L. Richeson, T.A. (La. Bar No. 29398)
Milele N. St. Julien (La. Bar No. 28446)
Amanda C. Fraser (La. Bar No. 31119)
1100 Poydras Street, Suite 3600
New Orleans, Louisiana 70163
Telephone: (504) 799-4500
Facsimile: (504) 799-4520
mricheson@pugh-law.com
mstjulien@pugh-law.com
afraser@pugh-law.com
**ATTORNEYS FOR
UNION CARBIDE CORPORATION**

## CERTIFICATE OF SERVICE

I hereby certify that on this 12th day of June, 2023, the above and foregoing has been electronically filed with the Clerk of Court of the United States District Court for the Eastern District of Louisiana by using the CM/ECF System.

*/s/McGready L. Richeson*

6